| Estado Libre Asociado de Puerto Rico **TRIBUNAL DE APELACIONES PANEL II** | | |
|---|---|---|
| Kedwin J. Rivera Méndez Recurrente vs. Departamento de Corrección y Rehabilitación Recurrida | TA2026RA00337 | **REVISIÓN ADMINISTRATIVA** procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación Caso Núm.: PP-134-26 Sobre: Bonificaciones |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos, por derecho propio y como indigente, Kedwin Rivera Méndez (Rivera Méndez o recurrente), quien se encuentra confinado en la Institución Correccional Ponce Principal, bajo la custodia del Departamento de Corrección y Rehabilitación (DCR). Nos solicita que revoquemos el pronunciamiento emitido el 27 de mayo de 2026, por la Coordinadora Regional de la División de Remedios Administrativos del DCR. Mediante la misma, se acogió la respuesta de la evaluadora de desestimar la solicitud del recurrente núm. PP-134-26.

Por los fundamentos que expresamos a continuación, se confirma el dictamen impugnado.

### I.

Según surge del expediente, el 31 de marzo de 2026, Rivera Méndez instó la *Solicitud de Remedio Administrativo* número PP-134-26 en la División de Remedios Administrativos del Departamento de

Corrección y Rehabilitación. En síntesis, requirió que se le aplicaran las bonificaciones conforme al Reglamento Interno de Bonificaciones del DCR. Puntualizó que había planteado la situación anteriormente.

El 27 de abril de 2026, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional.* A través de esta, la evaluadora María Cruz Martínez le expresó a Rivera Méndez lo siguiente:

> Según el Reglamento #8583 del 4 de mayo de 2015 de Remedios Administrativos se desestima su solicitud de remedio radicada conforme a:
>
> Regla XIII, 5 - El evaluador tiene la facultad para desestimar las siguientes solicitudes:
>
> H. Cuando plantee dos asuntos de diferentes áreas en la misma solicitud.

En desacuerdo, Rivera Méndez incoó una *Solicitud de Reconsideración.* Mediante una *Respuesta de Reconsideración al Miembro de la Población Correccional,* el Departamento de Corrección y Rehabilitación denegó la petición de reconsideración. Esta decisión acogió la respuesta de la evaluadora Cruz Martínez, toda vez que el planteamiento de Rivera Méndez incumplió con los criterios de evaluación del reglamento vigente.

Aun insatisfecho, Rivera Méndez instó el recurso de revisión judicial de epígrafe. En este le imputa al DCR la comisión de los siguientes errores:

> Erró el DCR por conducto de la DRA al desestimar la Solicitud de Remedio Administrativo Núm. PP-134-26, planteando, según indican, dos asuntos diferentes en la misma solicitud.
>
> Erró el DCR por conducto de la DRA al no adjudicar las bonificaciones por buena conducta y asiduidad confirme lo dispone el Reglamento de Bonificaciones.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 13-15, 215 DPR __ (2025), este Foro puede

"prescindir de términos no jurisdiccionales, específicos", escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación.

## II.

## A.

Sabido es que los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *Vélez v. ARPE,* 167 DPR 684, 693 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida.[1]

Así, al momento de evaluar una decisión administrativa, los tribunales tomarán en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales son los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, *supra,* pág. 892. Véase, además, *Super Asphalt v. AFI y otros*, 206 DPR 803, 820 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

---

[1] Véase, *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo.[2] Bajo dicho escenario, los foros apelativos deben sostenerlas. Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675. Véase también, *Daco v. Toys "R" Us*, 191 DPR 760, 764 (2014); *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000). En cuanto a las conclusiones de derecho, la LPAU dispone que: "serán revisables en todos sus aspectos por el tribunal".

Empero, debemos puntualizar que, aunque nuestro más Alto Foro ha expresado en reiteradas ocasiones que las conclusiones e interpretaciones de las agencias merecen gran consideración y respeto y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente, dicha consideración por parte de los tribunales no equivale a una renuncia de nuestra función revisora. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

En consonancia con lo anterior, el Tribunal Supremo de Puerto Rico, haciendo eco a las palabras del Tribunal Supremo de los Estados Unidos en *Loper Bright Enterprises v. Raimondo,* 603 US 369 (2024), determinó en *Vázquez v. Consejo de Titulares, supra,* que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales y enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU.

---

[2] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, pág. 728.

Asimismo, el Tribunal Supremo de Puerto Rico expresó en *Vázquez v. Consejo de Titulares, supra,* que:

> [A]l enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial.

Ahora bien, debido a que las resoluciones de los organismos administrativos gozan de una presunción de legalidad y corrección, quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotarla. *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR 633 (2024); *García Reyes v. Cruz Auto Corp., supra,* pág. 893; *Pacheco v. Estancias,* 160 DPR 409, 431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte recurrente. Si incumple, la decisión administrativa deberá ser respetada por el foro apelativo.

**B.**

En virtud de la facultad que dimana del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan Núm. 2-2011, 3 LPRA Ap. XVIII, se le confirió al Secretario del Departamento de Corrección y Rehabilitación la facultad para estructurar la política pública correccional y establecer normas para establecer el régimen institucional. A esos fines, el Secretario está facultado a adoptar reglas, reglamentos, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento de Corrección.

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional,* Reglamento Núm. 8583 de 4 de mayo de 2015 (Reglamento Núm. 8583) se creó con el propósito de dar cumplimiento con la ley federal, a saber, el *Civil Rights of Institutionalized Person Act,* 42 USC 1997 *et seg.* El propósito de la

referida ley "es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, para su atención, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los Tribunales de Justicia". *Véase*, Introducción del Reglamento Núm. 8583*, supra.*

Mediante el citado reglamento, se creó la División de Remedios Administrativos. Ello con el propósito de que los miembros de la población correccional puedan presentar una solicitud de remedio ante un organismo administrativo facultado para atender cualquier queja o agravio que pudieran tener en contra del Departamento de Corrección o sus funcionarios sobre cualquier asunto, incluyendo los servicios médicos. *Véase*, Introducción del Reglamento Núm. 8583, *supra.*

La Regla VII del Reglamento Núm. 8583 establece las responsabilidades del miembro de la población correccional. En particular, dispone lo siguiente:

1. Será responsabilidad del miembro de la población correccional presentar las Solicitudes de Remedios en forma clara, concisa y honesta, estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente ofrecerá toda la información necesaria para dilucidar su reclamo efectivamente.

En lo pertinente al asunto ante nuestra consideración, la Regla XIII (5)(h) del aludido Reglamento dispone que el evaluador tiene la facultad para desestimar una solicitud cuando plantee dos (2) asuntos de diferentes áreas en la misma solicitud.

**III.**

En esencia, el recurrente hace constar su inconformidad con la respuesta otorgada por el DCR en su *Solicitud de Remedio Administrativo* número PP-134-26. Es su contención que el pronunciamiento recurrido es erróneo porque interpretó que su

intención era presentar una solicitud para dos (2) asuntos. Explica que los argumentos planteados en su petitorio se basan en el mismo fundamento; esto es, que se le apliquen las bonificaciones según correspondan. Expone que su objetivo es que se subsane la controversia de las bonificaciones mal adjudicadas. Alega que su hoja sobre liquidación de sentencia no refleja los cómputos reglamentarios.

Tras un análisis minucioso del expediente, concluimos que no incidió la agencia recurrida al emitir su dictamen. En la respuesta a la solicitud de reconsideración del recurrente, la División de Remedios Administrativos explicó la razón de su denegatoria; el haber incumplido con los criterios de evaluación del reglamento vigente. Ello porque, según el DCR, el recurrente planteó dos (2) asuntos de diferentes áreas en la misma *Solicitud de Remedio Administrativo.* Por consiguiente, la evaluadora desestimó la solicitud en cuestión, al palio de la es potestad que le confiere el Reglamento Núm. 8583.

Así las cosas, colegimos que la determinación de la que se recurre es la adecuada ante la totalidad de las circunstancias. El recurrente no presentó evidencia suficiente para derrotar la presunción de legalidad y corrección que ostentan las determinaciones administrativas. Por ende, no nos colocó en posición de variar la decisión del DCR.

Ante la ausencia de una actuación arbitraria, ilegal, irrazonable o que constituya un abuso de discreción por parte del DCR, no intervendremos con su determinación. De entenderlo necesario, el recurrente podrá presentar solicitudes individuales en la cual expondrá cada planteamiento, conforme al Reglamento Núm. 8583 y según le explicó la evaluadora Cruz Martínez.

**IV.**

En atención a los fundamentos antes expresados, se confirma el dictamen objetado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones